Slip Op. 20- 81

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| GUIZHOU TYRE CO., LTD.; GUIZHOU TYRE IMPORT & EXPORT CO., LTD., <br><br> Plaintiffs, <br><br> and <br><br> TIANJIN UNITED TIRE & RUBBER INTERNATIONAL CO., LTD.; WEIHAI ZHONGWEI RUBBER CO., LTD.; <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Richard W. Goldberg, Senior Judge <br> Consolidated Court No. 18-00100 |

## OPINION

[Sustaining the remand redetermination of the Department of Commerce]

Dated: June 5, 2020

*Matthew P. McCullough*, Curtis, Mallet-Prevost, Colt & Mosle LLP, of Washington, D.C., for plaintiffs.

*Mark B. Lehnardt*, Baker Hostetler, LLP, of Washington, D.C., for consolidated plaintiff Tianjin United Tire and Rubber International Co., Ltd.

*R. Kevin Williams*, *Mark R. Ludwikowski*, *Lara A. Austrins*, Clark Hill PLC, of Chicago, IL, for consolidated plaintiff Weihai Zhongwei Rubber Co., Ltd.

*John Tudor*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant. With him on the brief were *Joseph H. Hunt*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Franklin E. White, Jr.*, Assistant Director. Of counsel on the brief was *Orga Cadet*, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

Goldberg, Senior Judge:  Now before the court are the Final Results of Redetermination Pursuant to Court Remand (Mar. 5, 2020), ECF No. 53 ("Second Redetermination") of the United States Department of Commerce ("the Department" or "Commerce") of the 2015 Administrative Review of a countervailing duty order on off-the-road tires ("OTR tires") from the People's Republic of China.  *Certain New Pneumatic Off-the-Road Tires from the People's Republic of China: Final Results of Countervailing Duty Review; 2015*, 83 Fed. Reg. 16,055 (Dep't Commerce Apr. 13, 2018) ("*Final Results*") *amended by Certain New Pneumatic Off-the-Road Tires from the People's Republic of China,* 83 Fed. Reg. 32,078 (Dep't Commerce Jul. 11, 2018) ("*Amended Final Results*"), and accompanying Issues & Decision Memorandum ("I&D Mem.").  In compliance with the court's most recent opinion and order, *Guizhou Tyre Co. v. United States*, 43 CIT __, 415 F. Supp. 3d 1335 (2019) ("*Guizhou II*"), the Department removed the subsidy rate for the Export Buyer's Credit Program ("EBCP") and has recalculated the duty rate for Guizhou Tyre Co., Ltd. and Guizhou Tyre Import and Export Co., Ltd. (collectively "Guizhou") to 29.44 percent.  Second Redetermination 4.  Because Commerce has supported its determination with substantial evidence, and no party objected to the Second Redetermination, the court sustains the Second Redetermination.

For the purposes of this opinion, familiarity with the facts is presumed.  *See Guizhou Tyre Co. v. United States*, 43 CIT __, 389 F. Supp. 3d 1315, 1318–19 (2019) ("*Guizhou I*"); *Guizhou II*, 43 CIT at __, 415 F. Supp 3d at 1337–38.  In *Guizhou II*, the court dealt with two issues remaining after *Guizhou I*: the court sustained the Department's finding that the distortion in the synthetic rubber market in 2015 was not identical to those conditions in 2014, but faulted Commerce for its analysis of whether Guizhou benefitted from the EBCP because "[o]nce again, substantial evidence does not support the requisite threshold finding that there is a gap in the

record warranting the use of adverse facts available." *Id.* at __, 415 F. Supp. 3d at 1338.  That is, Commerce continued to find that there was a gap in the record because the Government of China ("GOC") did not provide Commerce with information regarding revisions made in 2013 to the EBCP program, information Commerce stated was essential to verify the declarations that Guizhou submitted from its U.S. customers, confirming that they did not use the EBCP.  *Id.* at __, 415 F. Supp. 3d at 1341.

Numerous cases of this Court involving this same faulty reasoning concerning the EBCP (*see id.* for a list of eleven USCIT cases rejecting the Department's analysis on similar fact patterns) establish that Commerce cannot create a 'gap' in the factual record by disregarding information already on the record that is not demonstrably deficient.  *Id.* at __, 415 F. Supp. 3d at 1341–43.  Commerce cannot state that it needed information regarding the 2013 rule change to verify certifications of non-use without showing why the missing information was relevant to verification.  *Id.* at __, 415 F. Supp. 3d at 1343.  As Commerce is aware,

> to apply an adverse inference that a cooperating party benefited from the EBCP based on GOC's failure to cooperate, Commerce must: (1) define the gap in the record by explaining exactly what information is missing from the record necessary to verify non-use; (2) establish how the withheld information creates this gap by explaining why the information the GOC refused to give was necessary to verify claims of non-use; and (3) show that only the withheld information can fill the gap by explaining why other information, on the record or accessible by respondents, is insufficient or impossible to verify.

*Jiangsu Zhongji Lamination Materials Co. v. United States*, 43 CIT __, __, 405 F. Supp. 3d 1317, 1333 (2019).  Here, evidence on this record supported the conclusion that Guizhou and its U.S. customers did not use, and therefore did not benefit from, the EBCP.  *Guizhou II*, 43 CIT at __, 415 F. Supp. 3d at 1342.  Thus, the court held that the Department's prior redetermination upon remand, "as to Plaintiffs' use of the EBCP based on an alleged lack of cooperation and a gap in the record were unsupported by substantial evidence" and ordered Commerce to instead

"attempt verification of the submitted non-use declarations from Plaintiffs' U.S. customers, using all reasonable tools at its disposal, including methods suggested by Plaintiffs and by this court," before concluding that the evidence provided by Guizhou was unverifiable, and therefore created a gap in the record. *Id.* at __, 415 F. Supp. 3d at 1344.

Commerce filed its Second Redetermination on March 5, 2020, in which Commerce, under protest, reconsidered its decision "to apply [adverse facts available] in evaluating use of the EBCP" and determined that "the EBCP was not used based on the certifications submitted by Guizhou Tyre from its customers stating that they did not use the program." Second Redetermination 2. Commerce changed its calculations of the applicable countervailing duty rates in accordance with this conclusion, assigning a 29.44% rate to both Guizhou and the non-selected companies. *Id*. at 4–5. Plaintiffs Guizhou and Weihai Zhongwei Rubber Co., Ltd., filed letters indicating that they agreed with the Second Redetermination, and would not submit further comments. Letter Regarding Commerce's Remand Redetermination (Apr. 7, 2020), ECF No. 56; Letter Regarding Commerce's Remand Redetermination (Apr. 7, 2020), ECF No. 57. Plaintiff Tianjin United Tire & Rubber International Co., Ltd informed the Court that it did not intend to file comments on the Second Redetermination. Letter Regarding Commerce's Remand Redetermination (Apr. 7, 2020), ECF No. 58.

As Plaintiffs have not objected to the Second Redetermination, the court limits its review to confirming whether Commerce has complied with the court's remand order and has done so in a manner that is supported by substantial evidence and in accordance with law. *See* 19 U.S.C. § 1516a(b)(1)(B)(i); *Ad Hoc Shrimp Trade Action Comm. v. United States*, 38 CIT __, __, 992 F. Supp. 2d 1285, 1290 (2014). As Commerce has followed the court's order to "attempt verification of the submitted non-use declarations from Plaintiffs' U.S. customers," *Guizhou II*,

43 CIT at __, 415 F. Supp. 3d at 1344, and Commerce concluded that the factual record in this case indicates that there was no use of the EBCP by Guizhou, and as Commerce has made this finding in accordance with the substantial evidence on the record as the court discussed in *Guizhou I* and *Guizhou II*, the court finds that the Second Redetermination does comply with the remand order, is supported by substantial evidence, and is in accordance with law.

  Accordingly, Commerce's Second Redetermination are sustained, and judgment will enter accordingly.

<u>/s/ Richard W. Goldberg</u>
Richard W. Goldberg
Senior Judge

Dated:  June 5, 2020
New York, New York